IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| MICHAEL ANTHONY PARKER,<br><br>Plaintiff,<br><br>vs.<br><br>CASCADE COUNTY DETENTION CENTER,<br><br>Defendants. | CV 22-065-GF-BMM<br><br><br>ORDER |

On July 14, 2022, Plaintiff Michael Anthony Parker filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 2.) The Court subsequently granted Mr. Parker's motion to proceed in forma pauperis. (Doc. 6.)

Mr. Parker is currently incarcerated at the Cascade County Detention Center ("CCDC"). Although Mr. Parker does not identify the exact constitutional claims he seeks to advance, it appears that he may be alleging unidentified individuals at CCDC failed to protect him from an assault that occurred on March 4, 2021. See, (Doc. 2 at 5.) Mr. Parker will be given an opportunity to clarify his claims and the relief he seeks.

1

## I.      Statement of the Case

### A.     Parties

Mr. Parker is currently incarcerated at CCDC in Great Falls, Montana.  At the time the underlying assault occurred, he indicates he was a pretrial detainee.  See, (Doc. 2 at 4.)  In the caption of his complaint and the "parties" section, Mr. Parker only names the CCDC.

### B.     Allegations

Mr. Parker states that on March 4, 2021, at approximately 9:30 p.m., 4 men entered his jail cell, attacked, and severely beat him. *Id.* at 5.  He indicates the entire event was recorded by the facility's cameras.  Mr. Parker suffered a broken jaw, broken neck, and chipped bones in his C1 and C5 spine.  He explains he had to have 20 staples placed in his skull, had plastic surgery, had his jaw wired shut and repaired, and had a neck fusion. *Id.*  He also indicates he was required to wear a neck brace for 8 weeks.  Mr. Parker states he has experienced pain and suffering, in addition to post-traumatic stress disorder and nightmares,  as a result of this incident. *Id.*  He also has incurred medical bills and requires both physical therapy and counseling.  Mr. Parker also states he has suffered permanent physical damage.  He is seeking $250,000 in damages to help with his recovery process. *Id.*

//

## I.  SCREENING PURSUANT TO 28 U.S.C. §§ 1915, 1915A

### A. Legal Standards

Because Mr. Parker is a prisoner proceeding in forma pauperis, his Complaint is subject to screening under 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. These statutes require the Court to review a prisoner's complaint and dismiss it or portions thereof before it is served upon the defendants if it finds that the complaint is "frivolous," if it "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune." A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A complaint must set forth "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* A complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)(*quoting Bell*, 550 U.S. at 555 (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than

3

formal pleadings drafted by lawyers.'" *Erickson*, 551 U.S. at 94; *Cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

      **B.**     **Analysis**

Although Mr. Parker provides limited information in his Complaint, it appears he may be attempting to allege that certain individuals within CCDC failed to protect him. Mr. Parker indicates he intends to proceed under 42 U.S.C. § 1983. (Doc. 2 at 3.) This statue provides a mechanism for the private enforcement of substantive rights conferred by the Constitution and federal statutes. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989). To prove a violation under § 1983, Mr. Parker must establish: (1) defendants conduct deprived him of a right, privilege, or

immunity secured by the Constitution or laws of the United States, and (2) defendants committed the act under color of state law. 42 U.S.C. § 1983.

### C. Allegations

As explained herein, it appears Mr. Parker intends to bring his claims under the Fourteenth Amendment to the United States Constitution alleging Defendants were deliberately indifferent to his safety.

## III. ANALYSIS

### A. Failure to Protect

"Prison officials have a duty to take reasonable steps to protect inmates from physical abuse." *Hoptowit v. Ray*, 682 F.2d 1237, 1250-51 (9th Cir. 1982); *Farmer v. Brennan*, 511 U.S. 825, 833 (1994); *Robinson v. Prunty*, 249 F.3d 862, 866 (9th Cir. 2001). "Prison officials have a duty to protect prisoners from violence at the hands of other prisoners" because corrections officer have "stripped [prisoners] of virtually every means of self-protection and foreclosed their access to outside aid." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). A state prisoner's claims are subject to scrutiny under the "cruel and unusual punishment" prohibition of the Eighth Amendment. *Id*. at 832. Prior to conviction, a pretrial detainee is "protected by the Fourteenth Amendment's Due Process Clause...against jail conditions or restrictions that amount to punishment." *Oliver

*v. Baca*, 913 F. 3d 852, 857-58 (9th Cir. 2019). To establish a violation under either clause, the plaintiff must show that the prison officials acted with "deliberate indifference." *Castro v. County of Los Angeles*, 833 F. 3d 1060, 1068 (9th Cir. 2016).

A pretrial detainee who asserts a due process claim for failure to protect must "prove more than negligence, but less than subjective intent- something akin to reckless disregard." *Castro*, 833 F. at 1071. The elements of a pretrial detainee's Fourteenth Amendment failure-to-protect claim against an individual officer are: (1) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) those conditions put the plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable available measures to abate that risk even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved- making the consequences of defendant's conduct obvious; and (4) by not taking such measures, the defendant caused the plaintiff's injuries. *Id*.

In his Complaint, Mr. Parker has failed to identify any individual officer or the acts they engaged in which would demonstrate they were deliberately indifferent to his safety. Similarly, he has failed to identify a custom, policy, or

practice of CCDC for failing to protect inmates like Mr. Parker. Thus, his Complaint, as pled, fails to state a claim.

### B. Defendants

In filing an amended complaint Mr. Parker must individually name Defendants and provide specific allegations against each named Defendant. Conclusory statements that Defendants violated his constitutional rights are insufficient.

#### 1. Individual Defendants

Section 1983 imposes individual liability upon state actors only when their personal conduct violates a plaintiff's constitutional rights. *Monell v. Department of Social Services*, 436 U.S. 658, 691-94 (1978). This can be established in two ways. First, an individual can be held liable for their own personal acts which directly cause an injury. But in order to make such a claim, a plaintiff must make specific factual allegations regarding what each defendant did or did not do. General statements such as "violated my rights" are insufficient.

Secondly, an individual can be held liable in their individual capacity under a theory of supervisory liability. "[A] plaintiff may state a claim against a supervisor for deliberate indifference based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates." *Starr v.*

*Baca*, 652 F.3d 1202 (9th Cir. 2011). Section 1983 will not impose liability on supervising officers under a respondeat superior theory of liability. *Monell*, 436 U.S. at 691-94. That is, a defendant cannot be held liable just because they supervise other employees. Instead, supervising officers can be held liable under § 1983 "only if they play an affirmative part in the alleged deprivation of constitutional rights." *King v. Atiyeh*, 814 F.2d 565, 568 (9th Cir. 1987).

A supervisor may be liable: (1) for setting in motion a series of acts by others, or knowingly refusing to terminate a series of acts by others, which they knew or reasonably should have known would cause others to inflict constitutional injury; (2) for culpable action or inaction in training, supervision, or control of subordinates; (3) for acquiescence in the constitutional deprivation by subordinates; or (4) for conduct that shows a reckless or callous indifference to the rights of others. *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991). Allegations against supervisors which resemble "bald" and "conclusory" allegations should be dismissed. *Hydrick v. Hunter*, 669 F.3d 937 (9th Cir. 2012). Allegations that a supervisory defendant had personal knowledge of a constitutional violation will be insufficient without "specific allegations regarding each Defendant's purported knowledge" of the violation. *Hydrick*, 669 F.3d at 942. If naming a Defendant as a supervisor, Mr. Parker must allege "sufficient

facts to plausibly establish the defendant's 'knowledge of' and 'acquiescence in' the unconstitutional conduct of his subordinates." *Hydrick*, 669 F.3d at 942 *citing Starr*, 652 F.3d at 1206–07.

### 2. Entity Defendants

The CCDC is not an entity capable of being sued. In Montana, a detention center is defined as "a facility established and maintained by an appropriate entity for the purpose of confining arrested persons or persons sentenced to the detention center. " Mont. Code Ann. § 7-32-2120. A detention facility is merely a building that cannot be sued. *Barnes v. Missoula County Detention Facility,* 2008 WL 5412448 (D. Mont. 2008).

To establish liability against a city or a county, a plaintiff must show that his constitutional rights were violated pursuant to a policy, practice, or custom of the named entity. *Monell v. Dept. of Social Services*, 436 U.S. 658, 694; *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). As set forth above, Mr. Parker has made no such allegations in his Complaint.

In *Monell*, 436 U.S. 658, the United States Supreme Court, announced the following standard governing the liability of a municipality under § 1983:

> [A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom,

9

> whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.

*Monell*, 436 U.S. at 694. The *Monell* standard governs both a city and a county's § 1983 liability. *McMillian v. Monroe County*, 520 U.S. 781, 783 (1997).

Like supervisory liability, municipal liability under Section 1983 may not be predicated upon a respondeat superior theory of liability. *Monell*, 436 U.S. at 694. That is, the County cannot be held liable just because County employees may have violated an individual's constitutional rights.

To establish municipal liability, a plaintiff must show that: (1) a municipal employee violated his constitutional rights; (2) the municipality had a custom, practice, or policy that amounted to "deliberate indifference"; and (3) the municipal custom, practice, or policy was the "moving force" behind the employee's violation of the plaintiff's constitutional rights. *Gibson*, 290 F.3d at 1193–94. Cascade County cannot be held liable just because Cascade County officers or individuals within the Detention Center may have violated Mr. Parker's constitutional rights. The County can only be held liable for an unconstitutional custom, policy or practice which led to the alleged denial of constitutional rights. Mr. Parker has not alleged as such and therefore his claims against Cascade County are subject to dismissal. As

this is a defect which could be cured by amendment, Mr. Parker will be given an opportunity to file an amended complaint.

To the extent that Mr. Parker attempts to name the CCDC it will be recommended for dismissal in a subsequent order. The Detention Center is merely a building within Cascade County. It is not person or legally created entity capable of being sued. The proper Defendant is Cascade County.

### III. CONCLUSION

28 U.S.C. §§ 1915, 1915A requires a court to dismiss a complaint that fails to state a claim upon which relief may be granted, but it does not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The Court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at 1127 (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

As currently pled, Mr. Parker's Complaint fails to state a claim upon which relief may be granted and is subject to dismissal. Because it may be possible to cure these defects by the allegation of additional facts, names of defendants, and specific acts of defendants, Mr. Parker may file an amended complaint to provide

clear and specific factual allegations to establish his claims and to provide specific allegations against each of the named defendants.

## A. Amended Complaint

Any amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original complaints by reference. Once Mr. Parker files an amended complaint, it replaces the original complaints, and those complaints no longer serve a function in the case. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). If Mr. Parker fails to use the court-approved form, the Court may strike the amended complaint and recommend the dismissal of this action. Mr. Parker may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir.2007) (no "buckshot" complaints).

Any amended complaint must consist of short, plain statements telling the Court: (1) the rights Mr. Parker believes were violated; (2) the name of the defendant(s) who violated the rights; (3) exactly what <u>each</u> defendant did or failed to do; (4) how the action or inaction of that defendant is connected to the violation of Mr. Parker's rights; (5) when the alleged actions took place; and (6) what injury Mr. Parker suffered because of that defendant's conduct. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

Mr. Parker must repeat this process for each defendant. Conclusory statements are not enough, nor are declarations that all defendants violated some law or statute. Instead, Mr. Parker must provide specific factual allegations for each element of each of his claims and must state with specificity to which defendant(s) each of his claims apply. If Mr. Parker fails to affirmatively link the conduct of a defendant with an injury suffered, the allegation against that defendant will be dismissed for failure to state a claim.

In filing an amended complaint, Mr. Parker must clearly define the terms he uses and clearly describe the claims he wishes to bring. Any further vague and undefined allegations will be recommended for dismissal. The federal rules contemplate brevity. *See Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002); Fed.R.Civ.P. 8; *cf.* Fed.R.Civ.P. 9(b). Mr. Parker's claims must be set forth in short and plain terms, simply, concisely, and directly. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); Fed.R.Civ.P. 8.

### B. Possible "Strike"

If Mr. Parker's amended complaint fails to state a claim upon which relief may be granted, the dismissal could count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis under 28

U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

### C. Possible Dismissal

If Mr. Parker fails to timely comply with every provision of this Order, this action may be dismissed. *Ferdik*, 963 F.2d at 1260-61 (court may dismiss an action for failure to comply with any order of the court).

### D. Address Change

At all times during the pendency of this action, Mr. Parker must immediately advise the Court of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Based upon the foregoing, the Court issues the following:

### ORDER

1. On or before **September 2, 2022**, Mr. Parker may file an amended complaint on the form to be provided by the Clerk of Court.

2. The Clerk of Court shall provide Mr. Parker a form for filing an amended complaint.

5. At all times during the pendency of this action, Mr. Parker SHALL IMMEDIATELY ADVISE the Court of any change of address. A failure to do so may result in the dismissal of the action for failure to prosecute.

DATED this 25th day of July, 2022.

*/s/ Brian Morris*
Brian Morris, Chief Judge
United States District Court